RAMÓN VEGA SOLTERO ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 843. Argued April 23, 1931.—Decided May 8, 1931.

*M. del Toro Colberg* for appellants. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Antonio Valle Bonilla and Ramón Vega Soltero appeared before a notary public, the former stating that he did so "in his capacity as President of the Civil Association 'Cuna de Betances,' located at Cabo Rojo, duly authorized for this act by the annual meeting of stockholders of the said Association," and executed a deed wherein it was declared that the association "Cuna de Betances" had borrowed from said Ramón Vega Soltero the sum of $1,800 and, to secure this loan, it constituted a mortgage on a piece of urban property belonging to the association which was recorded in its name in the Registry of Property of San Germán.

On presentation of this deed for record, together with a certified copy of the resolution adopted at the annual meeting of stockholders referred to in the deed, the registrar refused to record the instrument "as he observed that the mortgagor was a private association and it had not been legally shown that the same had filed with the Executive Secretary of Puerto Rico its articles of incorporation so as to have legal capacity to contract, as prescribed in Title I, Chapter I, Articles I and VIII, of the 'Act to Establish a Law of Pri-

200

vate Corporations,' enacted by the Legislative Assembly of Puerto Rico on March 8, 1911, Book First, Chapter II, section 28 of the Civil Code now in force; and on, the further ground that it can not be admitted that said civil association has been properly constituted and is governed by the provisions of Book Fourth, Title VIII, Chapter I, of the said Code, because the deed fails to state the origin of the said association, or the manner of its constitution and other relevant circumstances as required by law, so as to be also considered with legal capacity to contract."

Perhaps the registrar is right. It may be that the private association "Cuna de Betances" has not been duly constituted; but as the house mortgaged by it is recorded in its name in the registry, no further inquiry is necessary, since the owner of record of an immovable can alienate it. We therefore hold that the record sought should have been made.

The decision appealed from must be reversed.